UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12015-RGS

ANTHONY ENOS,

V.

SOCIAL SECURITY ADMINISTRATION, ET AL.

MEMORANDUM AND ORDER

January 30, 2012

STEARNS, D.J.

BACKGROUND

On November 10, 2011, plaintiff Anthony Enos (Enos) filed a skeletal Complaint against the Social Security Administration and the Massachusetts Department of Industrial Accidents (MDIA). On November 18, 2011, this court issued a Memorandum and Order (Docket No. 4) directing Enos to file an Amended Complaint comporting with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and setting forth a basis for the jurisdiction of this court. The Memorandum and Order addressed the various legal impediments to Enos's claim, including the failure to plead plausible claims in accordance with Rule 8, and the concomitant lack of subject matter jurisdiction as well as sovereign immunity as a bar to Enos's claims.

On December 28, 2011, this court dismissed this action for failure of Enos to comply with the directives contained in the Memorandum and Order. *See* Memorandum and Order for Dismissal (Docket No. 5); Order Dismissing Case (Docket No. 6).

On January 17, 2012, Enos filed a Motion for Reconsideration (Docket No. 7) along with exhibits in support (Docket No. 8).

DISCUSSION

Enos's Motion for Reconsideration simply contains a one-sentence request that the decision be reconsidered, but he provides no grounds whatsoever in support. He fails to include an Amended Complaint as directed. He also fails to provide any argument to show that this court has subject matter jurisdiction or that he has set forth any claims upon which relief may be granted. Instead, Enos submitted various exhibits.[1] From what can be gleaned from the exhibits, it appears that Enos may be attempting either to seek review of the decision of the Administrative Law Judge, and/or judicial review of the decision regarding his Social Security benefits. In any event, however, Enos's claims are not clear enough so as to permit this action to proceed, particularly where there is no Amended Complaint to which the defendants could file a meaningful response. Moreover, this court is not required to frame Enos's Complaint (or Amended Complaint) for him. *See Terrance v. Cuyahoga County*, 2005 WL 2491531 at *1 (N.D. Ohio 2005) *citing Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.").[2]

---

[1]These exhibits include a July 30, 2002 decision of the MDIA, a medical record from the Quincy Medical Center, a medical report from the Boston Eye Associates, P.C. dated June 26, 2010, a copy of portions of the deposition of Dr. Jules L. Baum in connection with the case *Enos v. Enfield Enterprises, Inc*. before the MDIA, a copy of transcripts from the MDIA hearing, copies of pleadings from this action, copies of letters from Keefe Disability Law (one of which indicated a declination to represent Enos and noted that the Appeals Council issued an action on Enos's request for review on September 6, 2011, and that he had 65 days from that date to seek a court review of the Administrative Law Judge's Unfavorable decision by filing a complaint in the United States District Court), as well as letters from other attorneys declining to represent Enos in a Social Security appeal. Also included was a copy of a letter sent by Enos to the Senior Judge of the MDIA seeking the trial transcript, and a copy of a document entitled "Transcript of First Exam with Dr. Baum." *See* Exhibits (Docket No. 8).

[2]*See also McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with pro se complaints). Such an exercise by the Court would "'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to

Accordingly, this court finds that Enos has not demonstrated good cause why the dismissal of this action should be vacated and this case reopened. Further, this court considers that Enos has had a sufficient opportunity to comply with its directives, and he need not be given further opportunities *ad seriatim* to present his case.

CONCLUSION

Based on the foregoing, Enos's Motion for Reconsideration (Docket No. 7) is DENIED. This action remains closed.

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE

---

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Terrance*, 2005 WL 2491531, at *1, *quoting Beaudett*, 775 F.2d at 1278. *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even pro se plaintiffs,.... alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "The failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." *Terrance*, 2005 WL 2491531, at *1.